[Cite as *Kenison v. Kenison*, 2014-Ohio-315.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Virginia Kenison, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-507 |
| v. | : | (C.P.C. No. 83DM-09-2136) |
| Thomas Kenison, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 30, 2014

*Bidwell & Beachler Ltd.*, *LPA*, and *Jinx Beachler*, for appellee.

*Tyack, Blackmore, Liston & Nigh Co.*, *L.P.A.*, and *Thomas M. Tyack*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

SADLER, P.J.

{¶ 1} Appellant, Thomas Kenison, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his motion for relief from judgment pursuant to Civ.R. 60(B)(4). For the reasons that follow, we affirm the judgment of the trial court.

I. BACKGROUND

{¶ 2} Married in 1958, the parties filed a petition for dissolution of marriage in September 1983. The dissolution decree filed on October 18, 1983 incorporated the parties' separation agreement. Regarding spousal support, the separation agreement provided:

> The Husband shall pay to the Wife, as and for alimony, the sum of $900.00 per month until the residence property located at 1439 London Drive, Columbus, Ohio 43221 is sold and possession relinquished said alimony payments shall commence immediately.  After the residence is sold and possession relinquished, Husband shall pay to the Wife, as and for alimony, the sum of $2,100.00 per month until the Wife's remarriage, cohabitation with an unrelated male, or her death, whichever first occurs.

(Separation Agreement, 1.)

{¶ 3}  Since 1983, appellee has filed various contempt motions to enforce the spousal support order, some of which were resolved by agreed entry and others by contempt findings.  The most recent contempt motions were filed by appellee in 2011 and 2012.  Together these contempt motions alleged appellant failed to pay ordered spousal support, failed to pay accumulated spousal support arrearages, and failed to maintain a life insurance policy as required by the parties' separation agreement.  In resolving these issues, the trial court found appellant had paid more than the required amount of spousal support during the challenged time frame and, therefore, could not be held in contempt as to the ongoing monthly spousal support obligation.  With respect to the life insurance, the trial court found appellant had proven by a preponderance of the evidence that he was no longer able to comply with the requirement to maintain a life insurance policy and, therefore, was not in contempt for failure to maintain the life insurance policy.  Lastly, the trial court found appellant did not establish a defense for failure to pay spousal support arrearages by a preponderance of the evidence, and, therefore, appellant was in contempt for failure to comply with prior court orders establishing arrearages.

{¶ 4}  During the pendency of the contempt motions, appellant filed, on April 18, 2012, a motion for relief from judgment pursuant to Civ.R. 60(B)(4).  In this motion, appellant alleged he was entitled to relief from judgment on the basis that it was no longer equitable that he be bound by the ongoing spousal support order.  According to appellant, his age, medical and employment issues have left him with the inability to comply with said order.  On March 14, 2013, appellant filed an amended motion pursuant to Civ.R. 60(B)(4) alleging not only that he is unable to comply with the order such that it is no longer equitable but, also, that appellee has engaged in cohabitation with an unrelated

adult male thereby "effectively terminating the right to receive spousal support." (Mar. 14, 2013 Amended Motion, 2.)

{¶ 5}   In her memoranda contra, appellee argued Civ.R. 60(B)(4) was inapplicable.  Alternatively, appellee argued the record established appellant's ability to continue payment of the spousal support, and the Civ.R. 60(B)(4) motion was not filed within a reasonable time.

{¶ 6}   In denying appellant's motion, the trial court concluded the motion was untimely and that appellant was not entitled to relief under Civ.R. 60(B)(4) where the basis for relief was "only his regret that the Order is ongoing."  (May 16, 2013 Judgment Entry, 5.)  Specifically, the trial court concluded it was "clearly foreseeable" that appellant would grow older with attendant health and retirement probabilities.  (May 16, 2013 Judgment Entry, 6.)  Additionally, the trial court held that, at the time of entering into the separation agreement, there were no barriers preventing a spouse from negotiating an end to spousal support.  Lastly, the trial court concluded that, "based on [appellant's] history of contempt, his failure to make a payment since March 2011, and less than full payments of the order in the past," there was no equity in appellant's position.  (May 16, 2013 Judgment Entry, 6.)

## II.  ASSIGNMENT OF ERROR

{¶ 7}   This appeal followed, and appellant brings the following assignment of error for our review:

> The trial court erred in refusing to conduct a hearing and overruling the motion filed by defendant-appellant basing it in part on a factual finding that the defendant-appellant did not have a "meritorious claim" to present and the motion was not timely filed because of the passage of time from the time of the initial decree.

## III.  DISCUSSION

### A.  Standard of Review

{¶ 8}   Civ.R. 60(B) provides that a trial court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial

under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 9} The rule requires the motion to be made "within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶ 10} To prevail under Civ.R. 60(B), the movant must show that: (1) the movant has a meritorious defense or claim to present if relief is granted, (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The movant must satisfy all three of these requirements to obtain relief. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996); *see also GTE* at 151 (finding that the requirements under Civ.R. 60(B) "are independent and in the conjunctive, not the disjunctive"). To warrant a hearing on a motion for relief from judgment, "the movant must allege operative facts that, if true, would be sufficient to establish each of the elements of the *GTE* test." *Cunningham v. Ohio Dept. of Transp.*, 10th Dist. No. 08AP-330, 2008-Ohio-6911, ¶ 35.

**B. Assignment of Error**

{¶ 11} Appellant filed his motion for relief from judgment, pursuant to Civ.R. 60(B)(4), on the basis that "it is no longer equitable that the judgment should have prospective application." Appellant asserts the trial court erred in denying his motion by (1) refusing to take evidence on the issues pertaining to appellant's ability to pay spousal support, (2) finding appellant did not have a meritorious claim to present, and (3) finding the motion was untimely. Contrary to the trial court's findings, appellant asserts this circumstance presents "the sort of situation that Rule 60(B)(4) is designed to deal with." (Appellant's brief, 6.) Appellant argues it is no longer equitable that he be bound by the terms of the separation agreement because he has retired, is in "failing health, [and] disabled" with no substantive assets. (Appellant's brief, 6.) Appellant also asserts appellee had been "in a relationship" that she ended at the time appellant amended his motion to add an allegation that appellee was cohabitating with an unrelated male. (Appellant's brief, 6.)

{¶ 12} In support of his position, appellant relies on *Wurzelbacher v. Kroeger*, 40 Ohio St.2d 90 (1974), wherein the Supreme Court of Ohio stated, "[w]here subsequent events have rendered it no longer equitable that a judgment should have prospective application, it is an abuse of discretion to deny a proper motion for relief from that judgment." *Id.* at paragraph two of the syllabus. *Wurzelbacher*, however, did not concern a domestic relations order, and after *Wurzelbacher*, the Supreme Court of Ohio rendered *Knapp v. Knapp*, 24 Ohio St.3d 141 (1986), wherein the court limited the use of Civ.R. 60(B)(4) motions by parties seeking modifications of agreed judgments in domestic relations cases. In *Knapp*, the husband filed a motion seeking relief from a 1978 dissolution decree that incorporated the parties' separation agreement wherein the parties agreed that the husband would pay the wife $250 per month as alimony until the wife died or remarried. In 1983, the husband requested amendment of the dissolution decree pursuant to Civ.R. 60(B)(4). According to the husband, it was no longer equitable for the judgment to have prospective application given the change in his financial situation and his unawareness that the terms of the separation agreement would remain enforceable even in light of his changed circumstances.

{¶ 13} The court in *Knapp* disagreed with the husband and reasoned it would be inequitable *not* to give the spousal support provision prospective application. The court stated, "Civ. R. 60(B)(4) was not designed to permit the type of relief Donald Knapp now seeks. It was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." *Id.* at 146. The court noted the husband in *Knapp* "had an opportunity to control the terms of his agreement and his dissolution decree [and that] Civ. R. 60(B)(4) was not designed to give relief under these circumstances." *Id.* Therefore, because the husband made a deliberate choice to enter into the settlement agreement, Civ.R. 60(B)(4) was not available to him. In conclusion, the court held:

> The "* * * it is no longer equitable * * *" clause of Civ. R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control.
>
> The "* * * it is no longer equitable * * *" clause of Civ. R. 60(B)(4) will not relieve a litigant from the consequences of his voluntary, deliberate choice to enter into a separation agreement in a dissolution of marriage proceeding.

*Id.* at paragraphs one and two of the syllabus.

{¶ 14} In *In re Whitman*, 81 Ohio St.3d 239 (1997), the Supreme Court of Ohio again reviewed the applicability of Civ.R. 60(B) in domestic relations' proceedings. Therein, the court held, "a trial court may grant relief from judgment under Civ.R. 60(B)(1), (2), or (3) as to the property division in the separation agreement without vacating the decree of dissolution where the parties to a dissolution have expressly agreed in a separation agreement that the agreement may be modified by court order and the agreement has been incorporated into the decree." *Id.* at 244. However, the court reaffirmed its prior holding in *Knapp* and the limitation of Civ.R. 60(B)(4) by stating:

> In order to further promote finality in dissolution proceedings, today's holding is limited to motions brought under Civ.R. 60(B)(1), (2), and (3). This limitation, in effect, provides permanency to any dissolution that has remained unchallenged for one year. Civ.R. 60(B). Further, it preserves the rights of the moving party to Civ.R. 60(B) relief without sacrificing the general finality of a dissolution decree and

without creating any undue hardship for the opposing party. By limiting our holding in this way, we also remain consistent with our holding in *Knapp v. Knapp*, 24 Ohio St.3d 141, 24 Ohio B. Rep. 362, 493 N.E.2d 1353, which precluded a party from using the "it is no longer equitable" clause of Civ.R. 60(B)(4) to modify a decree of dissolution that was entered into voluntarily.

*Whitman* at 245.

{¶ 15} This court reviewed a similar matter in *Young v. Young*, 10th Dist. No 88AP-50 (Dec. 22, 1988), wherein the parties were granted a divorce in 1983 providing the wife with alimony and awarding the husband a motor home as part of the property distribution.  The husband filed bankruptcy in 1986, and the bank repossessed the motor home.  However, because the husband did not transfer the obligation on the motor home solely into his own name, the bank looked to the wife for the remaining balance. Thereafter, the wife sought to reopen the divorce decree to, in part, increase the alimony amount to compensate her for her payment of the motor home debt.  The wife's motion was filed pursuant to Civ.R. 60(B)(4) and (5).  While the trial court did not alter the sustenance alimony payments, the trial court did amend the decree and order the husband to pay the remaining indebtedness on the motor home to the wife.  Relying on *Knapp*, this court reversed, stating:

In this case, the trial court abused its discretion in granting appellee's Civ. R. 60(B)(4) motion, since there was no showing of specific events which occurred after the judgment which adversely affected the fair application of the judgment. In addition, the parties have not been prospectively subjected to a circumstance which they had no opportunity to foresee or control and thus, *Knapp*, supra, has not been satisfied.  Had the parties intended that only appellant was to pay the indebtedness on the motor home, the parties could have prevented this situation by providing a hold-harmless clause in the divorce decree.

*Id.*; *Pinkston v. Pinkston*, 10th Dist. No. 97APF09-1267 (June 25, 1998) (pursuant to *Knapp*, Civ.R. 60(B)(4) relief is not available where the appellant had the opportunity to control the terms of the agreement and the dissolution decree); *Settonni v. Settonni*, 8th Dist. No. 97784, 2012-Ohio-3084 (no Civ.R. 60(B)(4) relief available where husband

argued he was entitled to relief from judgment because the separation agreement was not equitable from the start); *Biro v. Biro*, 11th Dist. No. 2006-L-068, 2007-Ohio-3191 (in matters of domestic relations, Civ.R. 60(B)(4) not meant to offer a party a way to negate a prior finding that the party could have reasonably prevented); *Jenkins v. Jenkins*, 5th Dist. No. 92-CA-24 (Sept. 15, 1993) (Civ.R. 60(B)(4) relief inappropriate where husband sought to decrease alimony obligation based on his retirement because such was a foreseeable and controllable event); *Jewell v. Jewell*, 4th Dist. No. 740 (Dec. 21, 1994) (agreement to terms of separation agreement precludes relief under Civ.R. 60(B)(4)).

{¶ 16} During oral argument before this court, appellant's counsel argued Civ.R. 60(B)(4) should be applied in this instance because, at the time the parties entered into their separation agreement, they were not permitted to reserve jurisdiction for the trial court to modify spousal support payments. Such proposition was refuted by the Supreme Court of Ohio in *Whitman*, wherein the court noted that, while R.C. 3105.65, as amended in 1975 and applicable to the facts before us, did not create continuing jurisdiction for a trial court to modify property divisions in separation agreements, "nothing in the statutes suggests that parties are precluded from voluntarily including a provision for continuing jurisdiction in their separation agreement." *Id.* at 244. The *Whitman* court recognized that this general principle had previously been applied in the context of spousal support modifications. *Id.*, citing *In re Adams*, 45 Ohio St.3d 219 (1989) (although a court does not have statutory authority to modify the alimony payments established by the parties in the separation agreement, the parties themselves could agree to give the trial court this authority); *see also Colley v. Colley*, 43 Ohio St.3d 87 (1989), syllabus.

{¶ 17} Like the litigants described in the previously-cited cases, appellant made a voluntary, deliberate choice to enter into the separation agreement. The conditions appellant contends have changed include his increased age, retirement, and health issues. These conditions, though challenging for appellant, do not constitute circumstances appellant had no opportunity to foresee or guard against when negotiating the separation agreement such that relief can be provided under Civ.R. 60(B)(4). Appellant was in the best position to evaluate and negotiate the terms of the separation agreement, and he "cannot now rely on Civ.R. 60(B)(4) to vacate his voluntary, deliberate choice to enter into an agreement merely because hindsight reveals he may not have made a wise choice."

*Settonni* at ¶ 33. As for the allegation that appellee was cohabitating in violation of the separation agreement, if established, such would result in a termination of spousal support by the terms of the separation agreement itself and, therefore, such is not an appropriate basis for relief from judgment under Civ.R. 60(B)(4).

{¶ 18} In accordance with *Knapp*, *Whitman*, and their progeny, we conclude appellant is precluded from using the "it is no longer equitable" clause of Civ.R. 60(B)(4) to modify the decree of dissolution that was entered into voluntarily, and, as such, the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B)(4) motion for relief from judgment. Accordingly, we overrule appellant's asserted assignment of error.

## IV. CONCLUSION

{¶ 19} Having overruled appellant's sole assignment of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

_____