[Cite as *Handel v. Rosenbaum*, 2016-Ohio-4861.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 103365

## CHARLES HANDEL

PLAINTIFF-APPELLANT

vs.

## MANFRED E. ROSENBAUM, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-817940

**BEFORE:** Laster Mays, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 7, 2016

**ATTORNEY FOR APPELLANT**

Michael J. Cheselka, Jr.
75 Public Square, Suite 920
Cleveland, Ohio 44113-2084


**ATTORNEYS FOR APPELLEES**

Jason L. Carter
7255 Industrial Parkway, Suite D
Mentor, Ohio 44060

David M. Lynch
333 Babbitt Road, Suite 333
Euclid, Ohio 44123

ANITA LASTER MAYS, J.:

**{¶1}** Plaintiff-appellant Charles Handel ("Handel") appeals the trial court's dismissal of his case in favor of defendants-appellees Manfred E. Rosenbaum, et al. ("Rosenbaum"). After review of the record, we reverse the trial court's decision and remand.

**{¶2}** Handel and Rosenbaum were scheduled for a final pretrial conference on June 8, 2015, in their ongoing court case. In the court's initial scheduling order, dated February 3, 2014, it was communicated to all parties that failure of plaintiff to appear will result in the action being dismissed, and failure of defendant to appear would result in the court holding an ex parte hearing. On June 8, 2015, Handel and his counsel failed to appear for the final pretrial, resulting in the trial court dismissing the case pursuant to Civ.R. 41(B)(1), which allows the court to dismiss an action or claim when the "plaintiff fails to prosecute, or comply with these rules or any court order * * * after notice to the plaintiff's counsel." Handel filed this timely appeal and assigns two assignments of error for our review.

> I. The trial court erred and abused its discretion by dismissing appellant's case with prejudice, in violation of Civ.R. 41(B)(1), and Loc.R. 21.0 III(H).
>
> II. The trial court erred and abused its discretion when it denied appellant's motion for relief from judgment, made pursuant to Civ.R. 60(B).

## I. Facts

{¶3} According to the trial court's June 8, 2015 docket entry, the court called appellant's case for a final pretrial hearing at 9:00 a.m. Counsel for Rosenbaum was present, but appellant's counsel did not appear. The court called appellant counsel's office twice, once at 9:05 a.m., and again at 9:08 a.m., but both calls went unanswered. At 9:19 a.m., the court excused appellees' counsel and issued a journal entry dismissing the case for Handel's failure to prosecute.

{¶4} Appellant's counsel states that he arrived shortly thereafter and informed the court that he was in the arraignment room on Cuyahoga C.P. No. CR-15-594527-A, a different case that was scheduled at 8:30 a.m. Appellant's counsel did not previously notify the court that he had a scheduling conflict. The court reasoned that it dismissed appellant's case because it had no way of knowing that appellant's counsel was in the arraignment room because counsel did not call from the arraignment room to inform the court that he would be late, he did not file a motion to continue, or request that the pretrial be set at a later time. The appellant filed a motion for relief of judgment pursuant to Civ.R. 60(B). The trial court denied the motion stating that appellant's counsel had almost seven months advance warning and that he was expected at the pretrial conference, yet he failed to inform the trial court that he had a scheduling conflict nor did he send another attorney, and his actions were not excusable neglect or mistake. As a result of the trial court's decision, the appellant filed this timely appeal.

## II. Case Dismissal

**{¶5}** Appellate review of a trial court's dismissal pursuant to Civ.R. 41(B) involves two steps. *Walker v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 91648, 2009-Ohio-2261, ¶ 8. "First, the appellate court must determine if the trial court provided the plaintiff with sufficient notice prior to the dismissal. Second, the appellate court must determine whether the dismissal constituted an abuse of discretion."

**{¶6}** "A trial court's decision to dismiss an action pursuant to Civ.R. 41(B)(1) will not be overturned on appeal absent an abuse of its discretion. An abuse of discretion is more than a mere error in judgment but connotes an attitude that is unreasonable, arbitrary or unconscionable." *Id.* at ¶ 6.

**{¶7}** The appellant argues that the trial court erred and abused its discretion by dismissing appellant's case with prejudice, in violation of Civ.R. 41(B)(1) and Loc.R. 21.0(III)(H). "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ.R. 41(B)(1). Loc.R. 21.0(II) states, "The purpose of this conference is to effect an amicable settlement. Therefore, all parties must be present or, with permission of the Court, be available by telephone and have full settlement authority." Loc.R. 21.0(III)(H) states,

> Any Judge presiding at a pretrial conference or trial shall have authority:
>
> (1) After notice, dismiss an action without prejudice for want of prosecution upon failure of plaintiff and/or his counsel to appear in person at any pretrial conference as required by Part III (B) of this Rule.
>
> (2) After notice, order the plaintiff to proceed with the case and decide and determine all matters ex parte upon failure of the defendant to appear in

person or by counsel at any pretrial conference or trial, as required by Part III (B) of this Rule.

{¶8} The appellant further argues that in the trial court's decision to dismiss the case with prejudice, it abused its discretion where the trial court did not provide adequate notice that failure to appear at a pretrial conference would result in a dismissal and did not allow the appellant an opportunity to defend against the dismissal. *Youngblood v. Kindred Healthcare*, 8th Dist. Cuyahoga No. 94442, 2010-Ohio-4358, ¶ 11, states "[b]efore a trial court may dismiss an action for nonappearance at a pretrial conference, notice of the intended dismissal must be given to plaintiff's counsel pursuant to Civ.R. 41(B)(1)."

{¶9} "[F]or purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice * * * when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Id.* at ¶ 13, quoting *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49, 684 N.E.2d 319 (1997). "The purpose of such notice is to allow a party to explain the circumstances causing his or her nonappearance and why the case should not be dismissed with prejudice." *Youngblood* at ¶ 13.

{¶10} The Supreme Court, in *Logsdon v. Nichols*, 72 Ohio St.3d 124, 128, 1995-Ohio-225, 647 N.E.2d 1361 stated,

> Generally, notice is a prerequisite to dismissal for failure to prosecute under Ohio R. Civ.R. 41(B)(1). It is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for trial on the assigned trial date. The purpose of notice is to provide the party in default an opportunity to explain the default or to

correct it, or to explain why the case should not be dismissed with prejudice. Notice allows the dismissed party to explain the circumstances causing his or her nonappearance.

{¶11} It is not disputed that the trial court did give appellant's counsel notice, as stated in the February 3, 2014 entry, of an impending dismissal, but the notice did not specifically state that dismissal would be with prejudice. It is disputed whether the trial court allowed appellant's counsel an opportunity to defend. Counsel briefly stated that he was in the arraignment room on another hearing but did not have an opportunity to provide proof. Counsel also reasoned that since he had a sentencing on Cuyahoga C.P. No. CR-15-594033-A, a separate case scheduled at the same time, that the court knew he would appear. Counsel appeared after his case was completed in the arraignment room and before appellee's counsel left the trial judge's chambers. We find that this brief explanation did not equate to a reasonable opportunity to defend against dismissal.

{¶12} Additionally, it has been held that "the power of the trial court to prevent undue delays and to control its calendars must be weighed against the policy which favors disposition of litigation on the merits." *Willis v. RCA Corp.*, 12 Ohio App.3d 1, 1, 465 N.E.2d 924 (8th Dist.1983), citing *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Therefore, the trial court has a variety of sanctions that can be used before dismissing a case with prejudice. Dismissal with prejudice for nonappearance is a drastic remedy that should be used sparingly and in extreme situations. The court has a wide variety of lesser sanctions available, including (1) a reprimand by the court; (2) a finding of contempt; (3) an order prohibiting the party or attorney from appearing in that

court without different counsel in the future; and (4) a dismissal without prejudice. *Id*. at 2. The Supreme Court "has stated that dismissal with prejudice for nonappearance is a drastic remedy which should be used sparingly and in extreme situations." *Whitaker v. Yelsky*, 8th Dist. Cuyahoga No. 77063, 2000 Ohio App. LEXIS 5899 (Dec. 14, 2000).

**{¶13}** We find that the trial court's dismissal with prejudice for nonappearance was a drastic remedy. Loc.R. 21.0(III)(H)(4) states, "[t]he failure of an attorney to appear within thirty (30) minutes of a scheduled settlement or pretrial conference may subject the attorney to sanctions in the amount of Two Hundred Fifty Dollars ($250.00) unless good cause is shown." If the court awards sanctions, the attorney is personally responsible for payment of the sanction. Appellant's counsel was at most 19 minutes late. This court recognizes that appellant's counsel should have notified the court, prior to the pretrial date or while in arraignment and should not assume that the trial court knows that [counsel] would appear because [counsel] has another matter pending. This assumption can be deemed irresponsible. However, appellant counsel's action does not rise to the level of an extreme situation. "A failure to consider less drastic alternatives is an abuse of discretion." *Whitaker* at 10. Appellants first assignment of error is sustained.

### III. Motion for Relief From Judgment

**{¶14}** This court's determination of the first assignment of error is dispositive of appellant's second assignment of error. The trial court's decision is reversed.

**{¶15}** The trial court's judgment is reversed, and the case is remanded for further

proceedings consistent with this opinion.

It is ordered that the appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR