[Cite as *FV-I, Inc. v. Knecht*, 2019-Ohio-5197.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FV-I, Inc., [in trust for Morgan Stanley Mortgage Capital Holdings, LLC], | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | | Nos. 17AP-865 |
| v. | : | and 19AP-294 |
| | | (C.P.C. No. 16CV-8591) |
| Bernath L. Knecht et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 17, 2019

**On brief:** *McGlinchey Stafford* and *James W. Sandy,* for appellant. **Argued:** *James W. Sandy.*

**On brief:** *W. Vincent Rakestraw,* for appellees. **Argued:** *W. Vincent Rakestraw.*

APPEALS from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} What happens when, after a record of what might be taken to be dilatory conduct, the plaintiff in a case moves the day before the (second) scheduled trial date for another delay of the matter, the assigned magistrate promptly overrules the motion and directs that "[a]ll parties shall appear" for the trial as scheduled, but the plaintiff then fails to appear through counsel on that trial date?

{¶ 2} Well, one thing that might happen is that the magistrate could recommend to the trial judge that plaintiff's case be dismissed with prejudice. And that the trial judge some weeks later, after considering the plaintiff's objections to that recommendation, could follow the recommendation and dismiss the case with prejudice.

{¶ 3} That, at least, is what happened in this case. The plaintiff, FV-I, Inc., then a few months later asked the trial judge to reconsider her decision pursuant to Civil Rule 60(B), the magistrate conducted a hearing on that motion, and the trial judge adopted the magistrate's decision denying that motion.

{¶ 4} FV-I appeals, making two assignments of error:

[I.] The Trial Court committed reversible error when it dismissed the Foreclosure with prejudice without first providing notice to FV-I and when it disregarded FV-I's competent, credible, and rational explanations for why it could not prosecute the case and did not appear at trial.

[II.] The Trial Court abused its discretion when it denied FV-I's motion for relief from judgment when it established that excusable neglect existed or a mistake had been made, that it had a meritorious claim, and that its motion was timely.

Appellant's Brief at ii.

{¶ 5} Because FV-I both forfeited its notice argument and received notice of the proposed dismissal with prejudice (thereby permitting it to offer the "explanations" to which its first assignment of error adverts), because the trial court did not abuse its discretion in adopting the magistrate's recommendation to dismiss the case with prejudice, and because the trial court did not abuse its discretion in denying the 60(B) motion, we will affirm the trial court's judgments. We first provide some elaboration.

{¶ 6} FV-I started this case as a foreclosure action against Bernath and Eleanore Knecht and other defendants in 2016. The Knechts promptly answered, raising various affirmative defenses. Then the case sat until June of 2017, when the trial court ordered FV-I to show cause as to why its action should not be dismissed pursuant to Civil Rule 41(B)(1) for failure to prosecute. FV-I responded with a one-sentence motion stating that discovery had been completed and seeking an extension of time " 'to file its dispositive pleadings' "; it requested " '45 days to proceed to judgment.' " *See* June 21, 2017 Motion for Extension of Time. The trial court granted that extension motion four days later, on July 10, 2017; it established a new dispositive motion deadline of July 31, 2017.

{¶ 7} But—although FV-I did not otherwise respond to the show cause order—it never filed the impliedly promised dispositive motion. It did not act by the July 31, 2017

deadline; it did not act within the 45 days specified by its June 21, 2017 motion; and it did not act within the months that followed.

{¶ 8}   On September 7, 2017, in advance of a looming September 11, 2017 trial date, the trial court referred the case to a magistrate for an October 6, 2017 bench trial.  The docket reflects no further activity between that referral and the day before the scheduled trial.

{¶ 9}   On October 5, 2017, counsel for FV-I filed a two-sentence Motion to Continue the Bench Trial set for the next day.  The continuance motion, advanced only in the name of FV-I, was put forward "on the grounds that settlement attempts with the primary defendant are still in progress."  FV-I gave no indication as to how much additional delay it sought, saying only:   "Plaintiff hereby requests the bench trial be continued to allow settlement efforts to continue and possibly be finalized."   October 5, 2017 Motion to Continue Bench Trial Scheduled for October 6, 2017.

{¶ 10}  The magistrate acted quickly to address FV-I's motion.  That very day, in an entry time-coded 2:13 p.m., the magistrate advised the parties:  "Plaintiff's motion for a continuance filed one day prior to the scheduled jury waived trial, is hereby **DENIED**.  All parties shall appear and proceed with the jury waived trial scheduled for October 6, 2017 at 9:00 a.m."

{¶ 11}  Nonetheless, no representative for FV-I, including its counsel, appeared for trial the next day.  And although Civil Rule 41(A) generally permits a plaintiff to file "a notice of dismissal at any time before the commencement of trial," which dismissal would be "without prejudice," FV-I took no such action.  It made no communication to the court, at all.  *See, e.g.,* October 6, 2017 Magistrate Report and Recommendation ("neither Plaintiff's counsel nor a representative of FV-I * * * appeared").

{¶ 12}  Defense counsel, who did appear pursuant to the scheduled trial date and the magistrate's order, confirmed that counsel for FV-I had not conferred with him about plans to file the eleventh-hour continuance motion.  "They just filed."  October 6, 2017 Transcript of Proceedings at 4.  He said that FV-I's lawyer then informed him that "she was not going to appear, but she was going to have someone local appear, which she was having trouble getting, you know, a surrogate."  *Id.*  After apprising the magistrate that he and his clients were "ready to go on the bench trial," defense counsel disclosed:  "I also told opposing

counsel I would agree to an extension if she wanted one and could convince the Court, which was probably a little too late * * * * She said she thought the Court was going to dismiss the case without prejudice, and I said, 'That's fine with me as well.' So I'm trying to accommodate her as much as possible." *Id.* at 5.

{¶ 13} The magistrate indicated that "given the history" of the case leading up to the trial no-show (including the circumstances that had surrounded the show cause order, and FV-I's earlier successful "request for an extension of the trial date," and then the unilateral motion seeking a further continuance the day before trial), she would recommend a dismissal with prejudice "because Plaintiffs have really taken advantage * * * of the court system." *Id.* Defense counsel eventually responded, "I told them I would agree to a continuance or agree to a motion to dismiss without prejudice, but if you want to dismiss it with prejudice, that's fine." *Id.* at 7. Later that morning, the magistrate filed her Report and Recommendation proposing that the trial court "dismiss this case with prejudice for failure to prosecute. Civ. R. 41." October 6, 2017 Magistrate Report and Recommendation.

{¶ 14} FV-I filed an Objection to Magistrate's Recommendation of Dismissal. Counsel for both sides had agreed to dismissal without prejudice, the filing recited, and agreed that defense counsel "would inform the court of this agreement and ask the court to allow a further continuance of the case or dismiss the case ***without*** prejudice." October 19, 2017 Objection to Magistrate's Recommendation of Dismissal at 1; Affidavit of Attorney Susana E. Lykins at ¶ 5.

{¶ 15} FV-I then raised an issue to which it had not adverted previously, in its continuance motion or otherwise. "Federal Regulations under the Consumer Financial Protection Bureau CFR § 1024.41(g) * * * prevent it from moving for judgment while loss mitigation efforts are in place," FV-I stated. Objection to Magistrate's Recommendation of Dismissal at 1. Settlement negotiations (which apparently had been going on for some sustained but unspecified time following "initiat[ion of] the case," meant under CFPB rules that "Plaintiff had to place its case on hold and abstain from pursuing judgment in the case until settlement negotiations terminated." *Id.* Indeed, FV-I said, that was the reason it had requested the continuance of the first trial date, a request the trial court had granted. *Id.* at 2. "Plaintiff's counsel moved the court for a second continuance of the trial date, but this was denied." *Id.*

{¶ 16} More than a month after FV-I had failed to appear for the October 6, 2017 trial that had been (re)scheduled at its behest, and after having "independently reviewed" the October 6, 2017 proceedings (by means of the court's tape-recording system, in the absence of any transcript provided by FV-I) and FV-I's objection and attempted explanations, the trial court accepted the magistrate's recommendation and dismissed the case with prejudice. November 13, 2017 Journal Entry of Dismissal with Prejudice at 3, 4. "If the plaintiff wanted to dismiss this case without prejudice it could have simply filed a notice or motion indicating this prior to the date of trial," the trial judge observed. "However, it did not and chose instead to simply not appear. Likewise, plaintiff's counsel failed to contact the Court prior to the date of trial to inform it of her intentions to voluntarily dismiss this matter. All of these things were within the plaintiff's control and show a complete disregard for this Court and the judicial process." *Id.* at 4.

{¶ 17} Some three and a half months later, on February 27, 2018, FV-I filed a Motion for Relief from Judgment, accompanied by a new affidavit from FV-I lawyer Lykins. Invoking Civil Rule 60(B)(1) (alone among the potential grounds for relief under that rule), FV-I argued that it was "entitled to relief due to excusable neglect." Plaintiff's Motion for Relief from Judgment at Memo page 2 (emphasis omitted). "FV-I's lack of action to move the case forward to judgment was excusable because federal housing regulations prohibited Plaintiff from proceeding with its case," it asserted. *Id.* at 3. And it really hadn't had time to file a Civil Rule 41(A) notice of dismissal, FV-I continued: "Because the motion to continue [the second trial date] was filed and ruled upon just one day prior to the scheduled bench trial, FV-I's counsel did not have time to submit a motion to dismiss after receiving notice that the motion to continue had been denied." *Id.* at 4. "Instead," FV-I claimed, "counsel reached an oral agreement with the Knecht's counsel to present an oral motion to dismiss without prejudice." *Id.* at 4-5. "Though it is true that FV-I did not proceed to judgment and did not appear for the scheduled bench trial, these reasons for those actions are exactly what make such neglect excusable," FV-I submitted. *Id.* at 5. The Knechts opposed the motion, and the court struck FV-I's reply brief as overlong in violation of Loc.R. 12 of the Franklin County Court of Common Pleas.

{¶ 18} On March 19, 2018, this court stayed FV-I's appeal and remanded the matter to the trial court to consider the Civil Rule 60(B) Motion. The trial court referred the matter

to the magistrate for an evidentiary hearing that was conducted on June 27, 2018. On July 6, 2018, the magistrate issued her decision denying the motion for relief from judgment.

{¶ 19} The magistrate noted, among other things, that "Plaintiff's counsel did not appear on October 6, 2017" to make any argument that federal regulations prohibited FV-I from going forward at that time. July 6, 2018 Magistrate's Decision Denying Plaintiff's Motion for Relief from Judgment at 6. "Plaintiff's counsel had the option of appearing at trial on October 6, 2017, and making her arguments on the record," the magistrate continued. "Likewise, Plaintiff had the option of voluntarily dismissing the case prior to trial." *Id.* at 7. But FV-I had followed neither course. Rather, "Plaintiff's counsel demonstrated dilatory conduct throughout the pendency of this case. Then on the day of trial, Plaintiff's counsel violated a court order to appear." *Id.* Civil Rule 41 "does not contemplate or provide for an opposing counsel * * * dismissing a Plaintiff's claims against his clients," the magistrate observed. And here, "[m]oreover, less than twenty-four (24) hours prior to the [scheduled] trial, this Court denied Plaintiff's motion for continuance and ordered the parties to appear * * * ." *Id.*

{¶ 20} FV-I "Attorney Lykins testified at the hearing that she relied on [Knecht] Attorney Rakestraw's [alleged] representation that he would dismiss Plaintiff's case without prejudice on October 6, 2017," the magistrate reported. "This Magistrate found Attorney Lykins' testimony as to Mr. Rakestraw's alleged representations to her as not being credible." *Id.* at 7-8.

{¶ 21} The magistrate, however, did credit lawyer Lykins's acknowledgment "that she was aware of the denial of her motion for continuance on October 5, 2018." *See id.* at 8.

{¶ 22} Surveying case law that Civil Rule 60(B)(1) " 'is a remedial rule to be liberally construed' " after consideration of " 'all the surrounding facts and circumstances,' " *id.* at 8, quoting *Colley v. Bazell*, 64 Ohio St.2d 243, 248 (1980) (further interior citations omitted), and *Nick v. Cooper*, 10th Dist. No. 15AP-1109, 2016-Ohio-5678 (further interior citation omitted), and noting, too, that a " 'trial court does not abuse its discretion in overruling a Civ.R. 60(B)(1) motion for relief from judgment on the grounds of excusable neglect, if it is evident from all the facts and circumstances in the case that the conduct of [a party], combined with the conduct of those persons whose conduct is imputed to the [party],

exhibited a disregard for the judicial system and the rights of the [other],' " *id.* at 9, quoting *Griffey v. Rajan*, 33 Ohio St.3d 75, (1987), syllabus, the magistrate concluded that FV-I had had it within its power to prevent the circumstances from having occurred as they did, and denied the Civ.R. 60(B) motion. *Id.* at 10.

{¶ 23} On July 19, 2018, FV-I filed with the trial court its Objection to Magistrate's Decision Denying Plaintiff's Motion for Relief from Judgment. That objection argued, among other points, that FV-I had not been dilatory or displayed disregard for the judicial system. "While Plaintiff did not file dispositive motions within the time designated by the court's June 21, 2017 order, that action was not dilatory" because the parties were engaged in settlement efforts, FV-I said, and there were "federal prohibitions on proceeding with a case while in the midst of these efforts." So "Plaintiff's apparent inaction is revealed as a respect for the judicial system and applicable law." July 19, 2018 Objection to Magistrate's Decision at 2.

{¶ 24} FV-I argued further that "[e]ven if the highly restrictive definition of excusable neglect precludes relief on that basis, Plaintiff is still entitled to relief from judgment on the alternative bases of mistake or misrepresentation." *Id.* at 3, citing Civ.R. 60(B)(1) and (3). Lawyer Lykins's testimony regarding her version of the conversation with defense counsel "was corroborated by her contemporaneous notes documenting the agreement of the parties," FV-I maintained. *Id.* at 4 (citing to Plaintiff's Hearing Exhibit 1, in which Ms. Lykins apparently recorded on October 5, 2017 that defense counsel "said he will ask for a continuance *as well* tomorrow" and would "ensure [any] dismissal be w/o prejudice") (emphasis added). FV-I contended in that vein that it had reasonably relied on what its lawyer understood to be opposing counsel's agreement. *Id.* The magistrate had been wrong, too, in finding that FV-I had failed to set out a meritorious claim and that it had not filed its motion for relief within a reasonable time, FV-I urged. *Id.* at 6.

{¶ 25} The trial court overruled the objections (noting that it did not need to reach the issues of whether FV-I showed a meritorious claim or had failed to file its 60(B) motion within a reasonable time, because FV-I had failed to establish the predicate that it was otherwise entitled to relief under one of the grounds set forth in Civil Rule 60(B)(1) through (5), *see GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976)); it

adopted the magistrate's decision. April 5, 2019 Judgment Entry Adopting the Magistrate's July 6, 2018 Decision.

{¶ 26} After rehearsing the case's history, the trial court correctly noted that "the plaintiff has failed to file any transcript of the June 27, 2018 hearing before Magistrate Lippe, nor has it requested an extension of time. Accordingly, under Civ.R. 53(D)(3)(b)(iii) the Court 'is required to accept all the magistrate's findings of fact as true and only review the legal conclusions drawn from those facts.' " *Id.* at 5, citing *Bahgat v. Kissling*, 10th Dist. No. 17AP-641, 2018-Ohio-2317, ¶ 21.

{¶ 27} Citing the earlier show cause order and FV-I's subsequent failure to follow through on its implied desire to file dispositive motions, the trial court "whole-heartedly" endorsed the magistrate's "conclusion that plaintiff's counsel demonstrated dilatory conduct throughout the pendency of this case." *Id.* at 6 (noting that, "[i]n fact, the plaintiff took no further action on the record until filing its October 5, 2017 motion to continue"). "[N]either party ever communicated [the fact of settlement efforts] to the Court or otherwise kept it apprised of their intentions" at any time up to the motion to continue. *Id.* at 7. And FV-I then failed to appear as ordered on the day of trial. FV-I lawyer Ms. Lykins "testified at the hearing that she was aware the Court had denied the plaintiff's request for a continuance of the trial, and her testimony that she relied on defense counsel's representation that he would dismiss the plaintiff's claims without prejudice was not credible." *Id.*

{¶ 28} "Here, the plaintiff could have prevented these circumstances from occurring by appearing at the October 6, 2017 trial, of [w]hich the plaintiff's counsel admitted she was aware," the trial court continued. *Id.* at 8. Rather than filing a notice of dismissal, FV-I " 'chose instead to simply not appear. Likewise, plaintiff's counsel failed to contact the Court prior to the date of trial to inform it of her intentions to voluntarily dismiss this matter. All of these things were within the plaintiff's control and show a complete disregard for this Court and the judicial process.' " *Id.*, quoting November 13, 2017 Journal Entry Of Dismissal With Prejudice. The magistrate did not err in determining that FV-I had failed to show excusable neglect, the trial court ruled. *Id.*

{¶ 29} Moreover, the trial court continued, any arguments of mistake or misrepresentation (which, we note, had not been advanced in the 60(B) motion), were of

no avail. FV-I failed to appear even after having been ordered just the day before to do so. *Id.* at 8. "Moreover, the plaintiff has offered no support for how she could have reasonably believed that defense counsel could have dismissed the plaintiff's claims." *Id.* at 9. With that, and more, the trial court adopted the magistrate's decision denying FV-I's 60(B) motion. *Id.* at 9-10.

{¶ 30} With that background, we turn first to the provision of Civil Rule 41(B)(1) that, "[w]here the plaintiff fails to prosecute, or comply with * * * any court order, the court * * * on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." FV-I argues under its first assignment of error that "a trial court commits reversible error when it dismisses with prejudice a plaintiff's lawsuit for failure to prosecute when notice has not * * * first been given." Appellant's Brief at 15-16 (citations omitted).

{¶ 31} FV-I did not advance or advert at all to this argument in its objection to the magistrate's recommendation of dismissal. If FV-I's contention now is that it should have had the opportunity to correct or explain its failure to comply with the magistrate's order before the trial court dismissed the case with prejudice, it did not make that argument in its objections. But what is now Civil Rule 53(D)(3)(b)(ii) requires that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." FV-I has forfeited its "notice" argument. *See, e.g., State ex rel. Food & Water Watch v. State*, S. Ct. No. 2016-1015, 2018-Ohio-555, ¶ 16 ("because FWAP and FWW did not raise an argument relating to standing * * * in their objections to their objections to the magistrate's decision, the arguments have been waived on appeal"); *In re A.V.*, 10th Dist. No. 05AP-789, 2006-Ohio-3149, ¶ 22 ("We do not find [appellant's] reference to this issue in her objections complies with the specificity requirements of Civ.R. 53, and the failure to do so resulted in waiver of the issue"); *Trombley v. Trombley*, 9th Dist. No. 17CA0012-M, 2018-Ohio-1880, ¶ 10 (reiterating that outside of plain error, "an appellant forfeits appellate review of any issues not stated in her objections to the magistrate's decision").

{¶ 32} FV-I's failure to have objected to the magistrate's recommendation on notice grounds is entirely understandable, because the magistrate's recommendation that the case be dismissed with prejudice was itself notice of that possibility that allowed FV-I to offer its explanations to the trial court as to why it had failed to appear. *Compare, e.g., Logsdon v. Nichols,* 72 Ohio St.3d 124, 128 (1995) ("Notice allows the dismissed party to explain the

circumstances causing his or her nonappearance"); *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49 (1997) ("We hold that for purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal"); *Carr v. Green*, 78 Ohio App.3d 487, 491 (10th Dist.1992) ("The flaw in the court's reasoning [in a case holding bare notice of trial date sufficient to constitute notice for purposes of Civ.R. 41(B)] was its failure to account for the possibility that nonappearance was caused by events beyond plaintiff's control").

{¶ 33} FV-I does not cite any case involving a trial court dismissal after a magistrate's recommendation had provided notice of a dismissal with prejudice possibility. "The opportunity to object to the magistrate's recommendation of dismissal is sufficient to meet the notice requirement of Civ.R. 41(B)." *Woodland Run Equine Veterinary Facility v. Stanley*, 9th Dist. No. C.A. 22750, 2005-Ohio-6988, ¶ 6, citing *Riedel v. Riedel*, 9th Dist. No. 03CA0087-M, 2004-Ohio-4458, ¶ 9 (and adding that "[s]uch a procedure provided Appellant with the opportunity to explain its failure to appear, thus fulfilling the purpose of the notice requirement of Civ.R. 41(B)"); *Reidel* (reiterating that "the opportunity to object to the magistrate's recommendation to dismiss is also sufficient to comply with the notice requirement"). So FV-I's argument that notice of trial itself, even coupled with the magistrate's denial of the eve-of-trial request for a continuance and order to appear, did not provide sufficient predicate for such dismissal points to the wrong proceeding, *see* Appellant's Reply at 1-4: FV-I did receive notice of the magistrate's recommendation and was accorded an opportunity to respond and explain.

{¶ 34} FV-I's reply brief seems to elide the "notice" argument with the second half of its first assignment of error. FV-I concedes that "the Trial Court's Local Rules gave it the authority to dismiss the Foreclosure with prejudice as a sanction for FV-I's failure to appear at trial," Appellant's Reply at 4, but asserts that "[t]he issue is not whether the Trial Court possessed the authority to dismiss the Foreclosure with prejudice. The issue is whether the Trial Court first gave notice to FV-I that this was a possibility * * *," *id.* at 6. It did, as we have seen. And FV-I's argument that the Knechts never cited the local rule and thus "waived" ability to make that citation, *id.*, is incorrect not only because the propriety of dismissal with prejudice was squarely before the trial court on FV-I's objection and such

citations to authority are not waived, and because a court's authority to dismiss an action or claim for failure to prosecute is established in Civil Rule 41(B) itself, but further because no party has the power to "waive" the authority of the trial court to control the proceedings before it in accordance with all applicable law and rules.

{¶ 35} To any extent that FV-I continues to maintain that the trial court "abused its discretion" in not yielding to FV-I's "credible explanations," *see* Appellant's Brief at 17, we disagree. Just for starters, those "explanations" never even tried to address the failure of communication that necessitated the earlier show cause order (to which FV-I responded only by requesting 45 days in which to file dispositive motions). Or why FV-I had not apprised the trial court of any regulatory concerns either at the time that FV-I implied to the court that it was moving forward to file dispositive motions, or with regard to resetting the September 11, 2017 trial date at its request, or in the motion to continue the October 6, 2017 trial. Or why FV-I waited until the very day before the rescheduled trial date to make its unilateral motion for a continuance of unspecified duration (while not allowing rule time for any potential response). Or why FV-I, when ordered in response to that October 5, 2017 motion to appear for trial the next day, nonetheless failed to appear even to offer its views on the status of the case and the regulatory context. Or why FV-I, if it was unwilling to appear or if its lawyer was occupied with other business despite the scheduled trial, did not act (assuming it gave informed consent) voluntarily to dismiss its claims without prejudice pursuant to Civil Rule 41(A).

{¶ 36} "The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. An abuse of discretion * * * implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. While a heightened scrutiny is utilized when reviewing a dismissal with prejudice, the action of the trial court will be affirmed when 'the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.' " *Harris v. Harris*, 10th Dist. No. 98AP-1077, 1999 Ohio App. Lexis 2867, * 4, citing and quoting *Quonset Hut*, 80 Ohio St.3d at 47-48 (other citations omitted) (affirming dismissal of motions with prejudice where party "had a reasonable opportunity to defend against dismissal" and its "dilatory conduct" in not making payments over four months "provided substantial grounds for the trial court's action").

{¶ 37} The trial court here did not display an unreasonable, arbitrary, or unconscionable attitude. And it had substantial grounds for dismissal. Although FV-I tells us that its "actions in not prosecuting * * * or appearing at trial were not negligent, irresponsible, or dilatory for two reasons," Appellant's Brief at 18, neither stated reason avails.

{¶ 38} First, says FV-I, "its failure to proceed * * * was mandated by federal law." But even on its view of the federal regulations, nothing in the Code of Federal Regulations answers any of the questions posed above as to why it kept the radio silence that necessitated the show cause order, or why it then abstained for so long from further contact with the court after having purported to be on the verge of filing dispositive motions, or why it never mentioned what it now cites as these critical regulations to the court even while gaining a rescheduled trial date, or why it waited until the day before trial to seek a continuance (of a week? or a month? or more?), even then without mentioning those regulations, or, importantly, why it disregarded the court's order to appear for the rescheduled trial on October 6, 2017, even if only to make its regulations-based pitch. The trial court was not off base in noting that "[i]f the plaintiff wanted to dismiss this case without prejudice it could have simply filed a notice or motion indicating this prior to the date of trial. However, it did not and chose instead to simply not appear." Journal Entry of Dismissal with Prejudice at 4.

{¶ 39} Much the same critique applies to FV-I's second stated "reason." Its counsel was "credible," FV-I says, in her view of an "agreement with the Knecht's counsel," and "[w]hile the Knecht's counsel did disagree with FV-I's [after the fact] assertion that he had agreed to dismiss the Foreclosure on its behalf, that disagreement evidences * * * a mere misunderstanding between the parties' recollection" of the lawyers' telephone conversation. Appellant's Brief at 20-21. That view does not explain FV-I's earlier conduct, or why it had waited until the day before trial to file its unilateral motion, or why FV-I's lawyer disregarded the magistrate's order to appear on the designated day (an order that opposing counsel could not have waived even had he been so inclined).

{¶ 40} Equally fundamental, FV-I does not explain why the magistrate and the trial court were somehow bound to view FV-I's lawyer as "credible." Although FV-I for one reason or another did not file the transcript of the October 6, 2017 court proceedings in

connection with its objection to the magistrate's recommendation that the case be dismissed with prejudice, the trial court did review the tapes (and the transcript was filed subsequently for the record). We see no reason that the trial court was not permitted to credit the account of the Knecht's lawyer that FV-I's lawyer had said that "she was not going to appear, but she was going to have someone local appear," and that defense counsel "told opposing counsel I would agree to an extension if she wanted one and could convince the Court, which was probably a little too late * * * * She said she thought the Court was going to dismiss the case without prejudice, and I said, 'That's fine with me as well.' * * * * I told them I would agree to a continuance or agree to a motion to dismiss without prejudice, but if you want to dismiss it with prejudice, that's fine." October 6, 2017 Transcript of Proceedings at 4, 5, 7. The trial court would have been justified in finding this a more likely account than what FV-I here terms its "assertion that [defense counsel] had agreed to dismiss the Foreclosure on its behalf," Appellant's Brief at 21—a procedure that the Civil Rules do not contemplate. And a lawyer's comment that he would offer "no objection" to a case being dismissed without prejudice, *see* Appellant's Brief at 21, does not transmogrify into a commitment to make such a motion on his own accord.

{¶ 41} In any event, we are not positioned to override the trial court's judgment by making the sort of "credibility" determination that FV-I urges in its favor. "[W]e generally defer to the trial court" on matters of witness credibility. *Whitt Sturtevant, LLP v. NC Plaza, LLC*, 10th Dist. No. 14AP-919, 2015-Ohio-3976, ¶ 41.

{¶ 42} This is not a case like *Geico Cas. Ins. Co. v. Durant-Baker*, 10th Dist. No. 13AP-573, 2014-Ohio-1530, ¶ 4, 9 cited at page 18 of Appellant's Brief, where a judge had ordered a plaintiff to respond to discovery within a certain amount of time and then dismissed plaintiff's case "prior to the expiration of time afforded" it. Nor is it anything like *Handel v. Rosenbaum*, 8th Dist. No. 103365, 2016-Ohio-4861, ¶ 11, 13, cited at page 22 of Appellant's Brief, in which a lawyer who had been caught up in arraignments appeared less than 20 minutes late to a pretrial and while opposing counsel was still in the judge's chambers, only to have his case dismissed despite a local rule that failure to appear within 30 minutes of a scheduled pretrial conference could result in a $250 fine absent a showing of good cause. Rather, this case is somewhat closer to cases like *Midwest Physician Anesthesia v. Skinner*, 10th Dist. No. 01AP-190, 2001 Ohio App. Lexis 4297, involving

dismissal of an action for dilatory conduct culminating in failure to appear at trial without cause shown.

{¶ 43} We cannot say that the trial court abused its discretion under the circumstances of this case, and we overrule FV-I's first assignment of error.

{¶ 44} FV-I rehearses the same attempted excuses described above in arguing under its second assignment of error that the trial court abused its discretion when it denied the Civil Rule 60(B) motion. In this context, FV-I faces additional difficulties: it did not in connection with its objections file with the trial court a transcript of the magistrate's evidentiary hearing on that motion, and it was not in a position to gainsay the magistrate's finding that its lawyer's testimony there about opposing counsel's "alleged representations to her" was "not * * * credible." *See* July 6, 2018 Magistrate's Decision Denying Plaintiff's Motion for Relief from Judgment; Judgment Entry Adopting the Magistrate's July 6, 2018 Decision at 5, citing *Bahgat*, 2018-Ohio-2317 at ¶ 21 (a decision that quoted *Bayview Loan Servicing, LLC v. Likely*, 9th Dist. No. 28466, 2017-Ohio-7693, ¶ 12, that without a transcript from the magistrate's proceeding, "an appellant cannot demonstrate error with respect to factual findings, and thus, the appellate court must presume the regularity of the proceedings and that the facts were correctly interpreted").

{¶ 45} "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey*, 33 Ohio St.3d at 77. Again, abuse of discretion " 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.' When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." *Nick*, 2016-Ohio-5678 at ¶ 16 (citations omitted).

{¶ 46} A 60(B) movant must show the trial court that the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), or it cannot prevail. Civ.R. 60(B); *Nick* at ¶ 16; *GTE*, 47 Ohio St.2d at 151. In its 60(B) motion, FV-I limited the basis for that predicate to a claim that it was "entitled to relief due to excusable neglect" under 60(B)(1). Plaintiff's Motion for Relief from Judgment at 2. Then, in its objection to the trial court from the magistrate's decision denying its motion, FV-I added "the alternative bases of mistake or misrepresentation" under Civ.R. 60(B)(1) and (3). Objection to Magistrate's Decision Denying Plaintiff's Motion for Relief From Judgment at 3. The trial court would

have been justified in viewing these additional claimed grounds as forfeited, *see, e.g., State ex rel. Hackenburg v. Indus. Comm.*, 10th Dist. No. 06AP-938, 2007-Ohio-4181, ¶ 3-4, but we consider them here on review because the magistrate's opinion as adopted by the trial court concluded that FV-I had "failed to establish excusable neglect or mistake and/or misrepresentation pursuant to Civ.R. 60(B)."  Magistrate's Decision Denying Plaintiff's Motion for Relief from Judgment at 10.

{¶ 47}  For purposes of our review, however, those two more newly invoked grounds do not provide much grist for analysis.  With regard to claimed "misrepresentation by an adverse party," *see* Appellant's Brief at 28, the magistrate who heard the testimony simply didn't buy the account of FV-I's lawyer regarding her eve of trial conversation with opposing counsel.  "This Magistrate found Attorney Lykins' testimony as to Mr. Rakestraw's alleged representations to her as not being credible."  Magistrate's Decision Denying Plaintiff's Motion for Relief from Judgment at 8.  The trial court did not review that testimony, because FV-I did not file a transcript despite having had ample time in which to do so. April 5, 2019 Judgment Entry Adopting the Magistrate's July 6, 2018 Decision at 5.  The trial court was correct in not replacing the first-hand assessment of the magistrate with speculation in the absence of a transcript (and it had no such temptation).

{¶ 48}  Further still, FV-I did not directly contest the magistrate's credibility finding in its July 19, 2018 Objection to Magistrate's Decision Denying Plaintiff's Motion for Relief from Judgment, instead falling back in its "misrepresentation" argument to a claim that its counsel "reached, or believed she had reached, an agreement."  *Id.* at 3.  FV-I therefore in that way, too, forfeited any ability to contest that determination (which determination wholly undermines FV-I's "misrepresentation" claim).  *See* Civ.R. 53(D)(3)(a)(iii); *see also, e.g., In re A.V.*, 2006-Ohio-3149 at ¶ 22 (party "waived this argument by failing to properly raise this issue in her objections to the magistrate's decision"); *Trombley*, 2018-Ohio-1880 at ¶ 10 ("appellant forfeits appellate review of any issues not stated in her objections to the magistrate's decision").

{¶ 49}  By the same token, FV-I failed not only in its 60(B) motion but then also in its Objection to Magistrate's Decision to point to any "mistake" apart from its own errors. *Compare* Objection to Magistrate's Decision Denying Plaintiff's Motion for Relief from Judgment at 3-4 (regarding agreement FV-I's counsel "believed she had reached") *with*

May 17, 2018 Memorandum in Opposition of Plaintiff's Motion for Relief from Judgment at 6 ("This agreement never occurred"). But "[i]n order to obtain relief on the basis of mistake, the court must find 'a mutual mistake shared by both parties as to a material fact in the case.' " *McLoughlin v. McLoughlin*, 10th Dist. No. 05AP-621, 2006-Ohio-1530, ¶ 34, quoting *Smith v. Smith*, 8th Dist. No. 83275, 2004-Ohio-5589, ¶ 17. And FV-I does itself no good in this regard by underscoring that the Knechts' lawyer "was of the belief" that FV-I's lawyer would appear in court as ordered on the scheduled trial day to make another continuance request or seek dismissal without prejudice (to which, as he informed the magistrate, the Knechts' counsel would not have objected). *See* Appellant's Brief at 28. One party's view that the other side would observe a court order and show up for trial is not the sort of mutual "mistake" that would immunize a failure to appear (and FV-I does not seem actually to argue that it, too, was mistaken in the understanding that it would appear).

{¶ 50} We turn, then, to FV-I's argument that the trial court abused its discretion by not granting its 60(B) motion on grounds of "excusable neglect." *See* Appellant's Brief at 24-26; Appellant's Reply at 7. " 'The determination of whether excusable neglect occurred, must of necessity, take into consideration all the surrounding facts and circumstances.' " *Nick*, 2016-Ohio-5678 at ¶ 20, quoting *Newman v. Farmacy Natural & Specialty Foods*, 168 Ohio App.3d 630 (4th Dist.2006). "Cases finding excusable neglect typically involve special circumstances that justify the neglect." *Nick* at ¶ 21. " 'A trial court does not abuse its discretion in overruling a Civ.R. 60(B)(1) motion * * * on the grounds of excusable neglect, if it is evident from all the facts and circumstances in the case that the conduct of the [party], combined with the conduct of those persons whose conduct is imputed to the [party], exhibited a disregard for the judicial system and the rights of the [other side].' " *Id.* (citations omitted).

{¶ 51} "As a general rule, the misconduct of an attorney is imputed to the party who retained the attorney." *Id.* at ¶ 24, citing *Swan v. Swan*, 10th Dist. No. 04AP-1089, 2005-Ohio-4636. Citing other authorities, we reiterated in *Nick* that where parties "voluntarily chose" a lawyer to represent them, "they cannot avoid the consequences of [that lawyer's] negligence as it relates to" to the action; if that "representation * * * fell substantially below what is reasonable under the circumstances, their remedy is against [the lawyer] in a suit for malpractice." *Id.* at ¶ 25. We limit our observations here to the well-established

propositions that generally "the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)," *GTE*, 47 Ohio St.2d at 153, and that without special circumstances justifying it, excusable neglect typically will not exist where a party or its counsel has brought on itself a consequence that it ought to have prevented, *see, e.g., Nick* at ¶ 21; *Stuller v. Price*, 10th Dist. No. 02AP-29, 2003-Ohio-583, ¶ 53.

{¶ 52} The trial court did not abuse its discretion in determining that after a record of earlier dilatory conduct—including the lack of activity on the record that generated the show cause order, FV-I's limited response to that order (confined to its suggestion that it would file dispositive motions within 45 days), FV-I's failure then to file its promised dispositive motions, or to explain that lack, and FV-I's unilateral, last-minute request for a second delay of the trial date, *see* Judgment Entry Adopting Magistrate's July 6, 2018 Decision at 6-7—and because FV-I "could have prevented these circumstances from occurring by appearing" pursuant to the trial schedule and explicit court order, or by " 'simply fil[ing] a notice or motion' " for dismissal without prejudice, or by communicating with the court " 'prior to the day of trial to inform it of [FV-I's intentions],' " and nonetheless failed to appear in court as ordered and while knowing that its motion for a continuance had been denied, FV-I had demonstrated "a complete disregard for this Court and the judicial process" and that "the magistrate did not err by concluding that the plaintiff failed to demonstrate its neglect in not appearing for trial was excusable," *id.* at 8.

{¶ 53} In reaching this conclusion, we again note that there was substantial support in the record for the trial court's strong endorsement of the magistrate's finding "that plaintiff's counsel demonstrated dilatory conduct throughout the pendency of this case." *Id.* at 6. And with regard to the testimony at the 60(B) hearing, we also are mindful that a reviewing court "is obliged to give deference to the factual findings of the trial court." *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-177, 2004-Ohio-5545, ¶ 17, ultimately citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). Additionally, the trial court was not compelled to accept the argument from FV-I's 60(B) motion that "[b]ecause the motion to continue was filed and ruled upon just one day prior to the scheduled bench trial, FV-I's counsel did not have time to submit a motion to dismiss after receiving notice that the motion to continue had been denied," *see* Plaintiff's Motion for Relief from Judgment at 4. We are aware of nothing that had prevented FV-I from filing a

more detailed motion for a continuance much earlier, after conferring with opposing counsel, and incorporating whatever interpretations of federal regulations it wanted to offer. And after proper consultation with the client, a 41(A) notice of dismissal might not take all that long to prepare (perhaps not longer, even, than was spent to write the two-sentence continuance motion). We will forgo any analogies, however, to FV-I's argument that it is unfairly the victim of its own tardiness in filing and brevity in composing its motion.

{¶ 54} FV-I's arguments to us fare no better. We already have noted that FV-I's failure to show up in court and its failure to let the court in on its view of (or so much as cite) applicable federal regulations were neither mandated nor excused by federal law. And FV-I misapprehends the trial court's position when it states: "While the trial court ultimately found it inexcusable to rely on [the] agreement [posited by FV-I], it did so based solely on the Knechts' counsel['s] contradictory testimony at the trial." Appellant's Brief at 26 (perhaps meaning "contradictory" to FV-I's position). The trial court didn't find it "inexcusable to rely on that agreement"; rather, it found that there *was* no such agreement. And it reached that conclusion in part because FV-I "does not challenge Magistrate Lippe's finding that its counsel, Susana Lykins, testified at the hearing that she was aware the Court had denied the plaintiff's request for a continuance of the trial, and her testimony that she relied on defense counsel's representation that he would dismiss the plaintiff's claims without prejudice was not credible." Judgment Entry Adopting the Magistrate's July 6, 2018 Decision at 7 (adding at 8-9 that it found incredible the view that "defense counsel could somehow continue the trial after the Court had denied the plaintiff's motion the day before and ordered all parties to appear and proceed with trial"); *see also* Magistrate Decision Denying Plaintiff's Motion for Relief from Judgment at 8.

{¶ 55} Because the trial court did not abuse its discretion in adopting the magistrate's conclusion that FV-I failed to show any of the reasons for relief set forth in Civil Rule 60(B)(1) through (5), we need not evaluate whether FV-I alleged a meritorious claim in its complaint or whether it filed its Civ.R. 60(B) motion promptly enough. We overrule FV-I's second assignment of error.

{¶ **56**} Having overruled both of FV-I's assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas dismissing FV-I's case with prejudice and denying FV-I's motion for relief from judgment.

*Judgments affirmed.*

SADLER, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.
_____