[Cite as *Anderson v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-4437.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Larey Charles Anderson, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-734 |
| v. | : | (Ct. of Cl. No. 2018-00469JD) |
| [Ohio] Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on September 15, 2020

**On brief:** *Larey Charles Anderson*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Timothy M. Miller*, for appellee.

APPEAL from the Ohio Court of Claims

NELSON, J.

{¶ 1} Larey Charles Anderson appeals from the judgment of the Ohio Court of Claims in favor of the Ohio Department of Rehabilitation and Correction ("ODRC") after a trial on his negligence claim. Because Mr. Anderson identifies no reversable error in those proceedings, we affirm.

{¶ 2} Mr. Anderson is an inmate at the Allen Oakwood Correctional Institution in Lima, Ohio. On December 17, 2016, as he was leaving the "Chow-Hall" of that facility, he "slipped and fell" on allegedly "unsalted pavement" and landed "straight down on [his] tailbone and right hip." Mar. 19, 2018 Complaint at 4. After receiving what he says was inadequate medical treatment at the prison and then "suffering for over a year" from the

injury, Mr. Anderson filed a negligence claim against ODRC in the Court of Claims. *Id.* at 4.

{¶ 3} During discovery, Mr. Anderson filed a motion to compel discovery under Civil Rule 37, arguing that ODRC had not responded to his request for production of documents and interrogatories. Dec. 24, 2018 Motion to Compel. ODRC responded by arguing that Mr. Anderson had "not engaged in any reasonable efforts to resolve the matter" before filing the motion, as required by the rule. Jan. 7, 2019 Memorandum Contra. Noting the "minimal" details concerning a good faith effort to resolve the issue, the magistrate nevertheless found that Mr. Anderson had "made at least some effort" by writing a letter to opposing counsel. Jan. 29, 2019 Order of the Magistrate. Accordingly, the magistrate sustained the motion and ordered counsel for ODRC to serve Mr. Anderson with responses to his requests for production of documents and interrogatories within 21 days. *Id.*

{¶ 4} A month and a half later, on March 19, 2019, Mr. Anderson tried his negligence claim to a magistrate. The magistrate concluded in a written decision that Mr. Anderson had failed to demonstrate that ODRC had "breached its duty of reasonable care." July 15, 2019 Decision at 6. Evidence, including "weather data," showed that "early in the morning on the day of the accident, temperatures were below freezing and there was some light freezing rain and snow"; the prison "consequently had a crew of inmates treat the walkways early that morning." *Id.* The temperature rose to above freezing by 5:00 a.m., and "remained so until approximately 5:23 p.m.," when it once again dipped below freezing. *Id.* Mr. Anderson's fall occurred "no later than 5:40 p.m.," and the "conditions were noted to be misty, with no measurable precipitation." Finding that "the slippery condition that caused plaintiff's fall developed in close proximity to the time of the accident," the magistrate determined that ODRC had exercised reasonable care "to treat the walkways relative to the overnight snow and freezing rain" and had no "actual or constructive notice of the slippery condition that apparently developed many hours later and caused the plaintiff to fall." *Id* at 7. The magistrate recommended judgment in favor of ODRC because Mr. Anderson had "failed to prove his claim." *Id.* at 8.

{¶ 5} On August 12, 2019, Mr. Anderson filed objections to the magistrate's decision, and also filed a motion seeking an "order directing the official court reporter, at [the] state's expense, to prepare and file a complete transcript of the proceedings." The trial

court ruled that it had "no obligation to provide a transcript at its own expense to an indigent party in a civil matter," and denied the transcript request. Aug. 28, 2019 Entry.

{¶ 6} The trial court also overruled Mr. Anderson's objections to the magistrate's decision, which it characterized as follows: "(1) the magistrate failed to correctly identify the duty that ODRC owed to plaintiff * * *; (2) the magistrate erred in finding that plaintiff failed to prove that ODRC breached its duty of reasonable care * * *; (3) the magistrate erred in finding that ODRC did not have actual or constructive notice of the dangerous conditions on the AOCI walkway at the time of plaintiff's fall * * *; and (4) the magistrate improperly diminished the trial testimony of AOCI inmate John Matthews." Sep. 25, 2019 Decision at 3. The trial court rejected Mr. Anderson's assertion that a heightened standard of care should apply in his case, as a standard of reasonable care applies in a premises liability case "brought against by the state against an inmate." *Id.* at 4. The trial court found no fault in the magistrate's conclusion that ODRC had no actual notice of the conditions that led up to Mr. Anderson's fall, as no testimony indicated that "staff or inmates were aware of slippery conditions on the walkway prior to [the] accident"; nor did ODRC have constructive notice, as there had been no precipitation throughout the day and "the temperature had been below freezing for less than twenty minutes" before the fall. *Id.* at 6. Further, because the record lacked a transcript, the court found that it was "not permitted to review the magistrate's determinations about the credibility or weight of Matthew[s]'s testimony." *Id.* at 7. The trial court adopted the magistrate's decision and entered judgment in favor of ODRC. *Id.* at 8.

{¶ 7} On appeal to this court, Mr. Anderson does not pursue any of the objections that he presented to the trial court. He does not directly challenge any findings of fact or conclusions of law. Rather, he poses these two assignments of error: (1) "If the Court treats pro se litigants differently, does it depart from its duty of impartiality and prejudice[] the handling of a case as it relates to other litigants represented by counsel?" and (2) "Can a pro se litigant prove a case of negligence if the defendant fails to provide discovery?" The arguments in Mr. Anderson's briefing make clear that he believes the trial court failed to remedy an alleged discovery violation by ODRC and thereby treated him differently from how it would have treated a represented party, and we construe his assignments of error accordingly. *See Fields v. Stange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 5, fn. 1 ("we

will construe the issues appellant raises as assignments of error so that we may decide this case on its merits rather than on procedural grounds").

{¶ 8} The assignments appear to be interrelated, and we address them together. According to Mr. Anderson, "the Defendant denied [him] discovery," causing an "unfair trial" violative of due process. Appellant's Brief at 2. He believes that the Court of Claims countenanced ODRC's (unspecified) evasions during discovery, thereby "depart[ing] from its duty of impartial[ity]" because of bias against self-represented litigants. *Id.* at 3. Mr. Anderson recounts the parties' motion practice and the ruling in his favor on the motion to compel, but then asserts to us that "ODRC still refused to give him the discovery materials necessary to prove his case." *Id.* at 4. He now urges that, "when defendant failed to comply with [the] court order to produce discovery materials, the Plaintiff should have been given an extension of his trial date, and defendant should have been sanctioned by the Court." *Id.* at 5-6.

{¶ 9} The record, however, contains no indication that ODRC failed to comply with the magistrate's order to provide Mr. Anderson with responses to his discovery requests. The magistrate granted the motion to compel on January 29, 2019 and gave ODRC 21 days to serve the responses upon Mr. Anderson. On February 15, 2019, Mr. Anderson filed a notice declaring that he had "served a request upon Defendant [ODRC]" for his "Second Set of Interrogatories." He filed no further motion to compel under Civil Rule 37, and we find no record that he brought to the court's attention any alleged failure by ODRC to comply with the discovery order. Moreover, on March 5, 2019, two weeks before the trial, the magistrate noted that during the February 28 pretrial telephone conference with the parties, "the court learned that the parties are prepared for trial as scheduled for March 19, 2019." Mar. 5, 2019 Order. The trial apparently proceeded on that basis. *Compare, e.g., FV-I, Inc. v. Knecht*, 10th Dist. No. 17AP-865, 2019-Ohio-5197, ¶ 26 (where appellant "failed to file any transcript" of a hearing held by the magistrate, all of the magistrate's findings of fact are presumed true and review is limited to legal conclusions), citing Civ.R. 53(D)(3)(b)(iii) (objections "shall be supported by a transcript of all the evidence submitted to the magistrate").

{¶ 10} If, as Mr. Anderson asserts, ODRC's failure to provide discovery deprived him of a fair trial, he needed to alert the magistrate to that issue before and at trial, and he

needed to return to the issue in his objections to the magistrate's decision. But we have no record of such complaints, we are presented no trial transcript, and Mr. Anderson's objections to the magistrate's decision do not broach that issue or even describe any gaps in the evidence said to be attributable to ODRC's alleged failure to respond to discovery requests. Mr. Anderson's objections as presented to the Court of Claims do not mention discovery at all. *See* Aug. 12, 2019 Plaintiff's Objection to Magistrate's Decision.

{¶ 11} Civ.R. 53(D)(3)(b)(ii) provides that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." And under Civ.R. 53(D)(3)(b)(iv) (as applicable to pro se and represented litigants alike), apart from matters of plain error, a party is precluded from pursuing on appeal to this court error claimed in the trial court's adoption of any finding of fact or legal conclusion that the party did not specifically identify in its objections from the magistrate's decision. Given that Mr. Anderson's motion to compel was *granted*, and that there is no record of his having raised a complaint about ODRC's response to the magistrate before trial or to the Court of Claims afterward, and because nothing on the face of the magistrate's opinion revealed any related deficiency, we find that he did not preserve the issue for further appeal. *See FV-I, Inc.* at ¶ 31 (appellant "forfeited its 'notice' argument" by not "mak[ing] that argument in its objections" to the magistrate), citing *State ex rel. Food & Water Watch v. State*, ___Ohio St.3d____, 2018-Ohio-555, ¶ 16 ("because FWAP and FWW did not raise an argument relating to standing * * * in their objections to the magistrate's decision, the arguments have been waived on appeal"); *In re A.V.*, 10th Dist. No. 05AP-789, 2006-Ohio-3149, ¶ 22 ("We do not find [appellant's] reference to this issue in her objections complies with the specificity requirements of Civ. 53, and the failure to do so resulted in waiver of the issue"); *Trombley v. Trombley*, 9th Dist. No. 17CA0012-M, 2018-Ohio-1880, ¶ 10 (reiterating that outside of plain error, "an appellant forfeits appellate review of any issues not stated in her objections to the magistrate's decision").

{¶ 12} We overrule the assignments of error and we affirm the judgment of the Ohio Court of Claims.

*Judgment affirmed.*

SADLER, P.J. and BRUNNER, J., concur.
_____